UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lexon Insurance Co.,

    Plaintiff,

    v.                                                                                  Case No. 1:10cv555

Devinshire Land                                                          Judge Michael R. Barrett
Development, LLC, *et al.*,

    Defendants.

**OPINION & ORDER**

This matter is before the Court upon Plaintiff Lexon Insurance Company's Motion for Summary Judgment against Defendant Devinshire Land Development, LLC. (Doc. 54). No response has been filed to Plaintiff's Motion.

**I.**    **BACKGROUND**

Plaintiff Lexon Insurance Company ("Lexon") brings this breach of contract action to recover monies paid on behalf of Defendant Devinshire Land Development, LLC ("DLD"). DLD is a real estate development company that sought to develop a residential golf community named Queens Gap in Rutherford County, North Carolina.

As part of the Queens Gap project, DLD entered into two performance agreements with Rutherford County. The performance agreements required DLD to construct certain phases of the subdivision by specified dates. The performance agreements also required DLD to acquire surety bonds in order to ensure DLD's timely performance under the performance agreements.

Lexon issued seven surety bonds in connection with Queens Gap. For each bond, Lexon was the surety, DLD was the principal, and Rutherford County was the obligee. In connection with the bonds, DLD, along with the Individual Indemnitors, entered into two separate Indemnity Agreements with Lexon. (Doc. 19-1, Vicky Batson Aff, Exs. A & B). The Indemnity Agreements required DLD to pay all premiums and charges associated with the bonds until Lexon was fully "discharged and released" from all liability and responsibility on each of the bonds. (Id., ¶ 1). The Indemnity Agreements also required DLD to "indemnify and save [Lexon] harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which [Lexon] may pay or incur in consequence of having execute, or procured the execution of, such bonds." (Id., ¶ 2).

Between 2009 and 2014, Lexon issued premium invoices to DLD for the bonds. However, DLD owes $593,401.00 in unpaid premiums. (Doc. 54-1, Jeremy Sentman Aff., ¶ 4).

On July 26, 2010, Rutherford County notified DLD it was in default of its contractual obligation under the performance agreements. (Doc. 1-4). As of March 19, 2015, Lexon has paid $12,100,000.00 to Rutherford County to satisfy claims made against all seven bonds. (Sentman Aff., ¶ 6). In August of 2011, Lexon settled its claims against the Individual Indemnitors for a total of $4,000,000.00. (Sentman Aff., ¶ 7). Lexon has incurred attorney fees in the amount of $324,526.00 in connection with enforcing its rights under the Indemnity Agreements. (Sentman Aff., ¶ 5). Lexon claims its total unsatisfied loss is $9,017,927.00 and is seeking judgment in that amount. (Id.; Doc. 54, PAGEID #784).

## II. ANALYSIS

### A. Summary Judgment Standard

A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 474 U.S. 574, 587 (1986). When, as here, the motion is unopposed, a court "must review carefully those portions of the submitted evidence designated by the moving party." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 410 (6th Cir. 1982). The Court will not, however, "sua sponte comb the record" from the nonmoving party's perspective. *Id*. Instead, the court may reasonably rely on the moving party's "unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Id*. If such evidence supports a conclusion that there is no genuine issue of material fact, the court should determine that the moving party is entitled to judgment as a matter of law. *Id*.

### B. Breach of contract

Because this Court's jurisdiction is based on diversity of citizenship, the Court must apply the substantive law of the forum state. *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In Ohio, courts interpret indemnity agreements in the same manner they interpret contracts. *See Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St. 3d 238, 240, 513 N.E.2d 253, 256 (Ohio 1987).

Under Ohio law "[a] breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." *Transp. Ins. Co. v. Busy Beaver Bldg. Centers, Inc.*, 969 F. Supp. 2d 875, 885-86 (S.D. Ohio 2013) (quoting *Spectrum Benefit Options, Inc. v. Med. Mut. of Ohio*, 174 Ohio App.3d 29, 880 N.E.2d 926, 934 (Ohio Ct. App. 2007)).

Lexon claims that DLD has breached the terms of the Bonds and the Indemnity Agreements.

The Court concludes that there is no genuine dispute as to any material fact and Lexon is entitled to judgment as a matter of law on its claim of breach of contract brought against DLD. The Indemnity Agreements are binding agreements. Under the Indemnity Agreements, Lexon paid $12,100,000.00 to Rutherford County to satisfy claims made against the bonds. DLD has failed to pay $593,401.00 in premiums which are due under the Indemnity Agreements. As a result, Lexon has suffered financial losses for which DLD is responsible.

## III. **CONCLUSION**

Based on the foregoing, Plaintiff Lexon Insurance Company's Motion for Summary Judgment against Defendant Devinshire Land Development, LLC (Doc. 54) is **GRANTED**. The clerk is **DIRECTED** to enter judgment in favor of Lexon and against DLD in the amount of $9,017,927.00.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                           JUDGE MICHAEL R. BARRETT